IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TERRANCE L. DOOLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-02612-SHL-cgc |
| | ) | |
| WARDEN C. HARRISON, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING § 2241 PETITION WITH PREJUDICE, DENYING MOTION TO APPOINT COUNSEL, CERTIFYING THAT APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition") filed by Petitioner Terrance L. Dooley.[1] (ECF No. 2.) Respondent

---

[1] At the time Petitioner filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). (ECF No. 2 at PageID 2.) Petitioner is currently housed at Federal Correctional Institution in Marion, Illinois ("FCI-Marion"). *See* Federal Bureau of Prisons, Find an Inmate (Register No. 02327-025) (last accessed Feb. 10, 2026). Petitioner's transfer to FCI-Marion does not deprive this Court of jurisdiction under § 2241's "immediate custodian" provision because at the time Petitioner filed his petition, he was confined within this district. *See* 28 U.S.C. §§ 2241(a); 2242; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (explaining that "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

The Clerk is **DIRECTED** to modify the docket to update Petitioner's address and to send this order to:

Terrance L. Dooley
Register No. 02327-025
FCI Marion
P.O. Box 1000
Marion, IL 62959

Warden C. Harrison filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). (ECF No. 6.) Petitioner did not file a response. He instead filed a motion for the appointment of counsel. (ECF No. 7.)

For the reasons that follow, Respondent's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE**. Petitioner's motion for the appointment of counsel is **DENIED**.

## BACKGROUND

On December 14, 2023, Petitioner pleaded guilty and was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Dooley,* No. 22-cr-30058 (S.D. Ill. Dec. 14, 2023), ECF Cr. No. 50.) He was sentenced to 56 months of imprisonment. (*Id*. at PageID 115.)

The Bureau of Prisons ("BOP") completed Petitioner's offense review in 2024 to determine his eligibility for early release under 18 U.S.C. § 3621(e)(2)(B) for successful completion of the Residential Drug Treatment Program ("RDAP").[2] (ECF No. 6-1 at PageID 146-47.) The BOP determined that, under 28 C.F.R. § 550.55(b)(5)(ii)-(iii), Petitioner was not eligible for early release because his current conviction for being a felon in possession of a firearm was a violent offense.[3] (*Id.*)

---

[2] Under § 3621(e)(2)(B), the BOP has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a nonviolent offense and has successfully completed a substance abuse treatment program. That statutory provision "categorically denies early release eligibility to inmates convicted of violent offenses." *Lopez v. Davis*, 531 U.S. 230, 238 (2001).

[3] The BOP's regulation sets out the categories of inmates that are ineligible for early release under § 3621(e)(2)(B), including inmates with a "current felony conviction" for violent offenses. § 550.55(b)(5). The BOP has defined "violent offense" as one that, among other things, "involve[s] the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." § 550.55(b)(5)(ii)-(iii).

2

On June 16, 2025, Petitioner filed this § 2241 Petition. (ECF No. 2.) He contends that the BOP has wrongfully deemed him ineligible for a one-year sentence reduction under § 3621(e)(2)(B) for successfully completing the RDAP based on his § 922(g)(1) conviction, which he contends is not a violent offense. (*Id*. at PageID 7.)

On July 21, 2025, Respondent filed a Motion to Dismiss the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(6).[4] (ECF No. 6.) Respondent's motion is supported by the Declaration of Alice Castillo, a BOP Paralegal Specialist with access to Petitioner's official records, including the BOP's offense review, which is also attached. (ECF No. 6-1 at PageID 96-101, 146-47.)

Respondent argues that the § 2241 Petition should be dismissed because the Court lacks subject matter jurisdiction over Petitioner's challenge to the BOP's discretionary denial of a sentence reduction under § 3621(e)(2)(B).[5] (ECF No. 6 at PageID 86-87) Alternatively, Respondent argues that the § 2241 Petition should be denied on the merits because the BOP properly exercised its discretion when it deemed Petitioner ineligible for early released under § 3621(e)(2)(B) based on his current federal conviction. (*Id*. at PageID 88-90.)

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) provides that a claim may be dismissed for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to

---

[4] Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts permit a respondent to file a pre-answer motion to dismiss a petition for writ of habeas corpus under 28 U.S.C. § 2254, and those rules may be applied to § 2241 petitions. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

[5] Respondent does not challenge Petitioner's assertion in his § 2241 Petition that he has exhausted his administrative remedies. (*See* ECF No. 2 at PageID 3-4.) Respondent concedes that Petitioner has "fully exhausted his administrative remedies concerning early release pursuant to § 3621(e)." (ECF No. 6-1 at PageID 101.)

3

dismiss, the petition must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When considering the motion, courts accept all well-pleaded allegations as true and construe the record in the light most favorable to the non-moving party. *Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

"A district court is not permitted to consider matters beyond the complaint" when considering a motion to dismiss under Rule 12(b)(6). *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012). If a court considers material outside of the pleadings, the motion to dismiss must be converted into a motion for summary judgment under Federal Rule of Civil Procedure 56, "and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th Cir. 2011). A court may, however, consider exhibits attached to the petition as well as exhibits attached to the motion to dismiss "so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to one for summary judgment. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Respondent argues that the Court lacks jurisdiction to review the BOP's discretionary decision that Petitioner is ineligible for early release under § 3621(e). (ECF No. 6 at PageID 86-87.) There is a general presumption that an agency action is subject to judicial review unless Congress has specifically precluded review by statute or committed agency action to discretion by law. *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). Judicial review of administrative action should not be withheld absent "clear and convincing evidence" of Congress' intent to restrict judicial review. *Id.* at 830 (internal quotation marks and citation omitted).

Section 3621(e), the statutory provision providing for both the RDAP and the BOP's discretionary authority to determine whether a prisoner is eligible for early release upon successful completion of the RDAP, was enacted as part of the Sentencing Reform Act of 1984. *Rea v. Sniezek*, No. 06-cv-2424, 2007 WL 427038, *3 (N.D. Ohio Feb. 2, 2007). "The issue of jurisdiction arises because" 18 U.S.C. § 3625, also part of the Sentencing Reform Act, provides that "sections . . . 701 through 706 of [the Administrative Procedures Act ('APA')] do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621(e). *Id*. (quoting § 3625.) "[S]ections 701 through 706 [of the APA] govern judicial review of agency action." *Id*. Therefore, § 3625 explicitly provides "that the APA does not apply to decisions made under [§] 3621(e)." *Id*.

Where Congress has exempted an agency's decision-making from judicial scrutiny, the Court's review is limited to "whether the agency acted outside its statutory limits or violated the [C]onstitution." *Id*. Petitioner does not allege that the BOP has acted "beyond the scope of discretion granted by Congress." *Wallace*, 802 F.2d at 1542. Therefore, the Court agrees with Respondent that it lacks jurisdiction to review the BOP's discretionary decision that Petitioner is ineligible for early release under § 3621(e) based on his § 922(g)(1) conviction.

The Court's holding is in accord with decisions from other district courts in this circuit. *See, e.g.*, *United States v. Stewart*, No. 01-cr-38, 2022 WL 5212859, at *1 (E.D. Ky. Oct. 5, 2022) (holding that "this Court has no authority to order the BOP to grant [Petitioner] a one-year reduction of the sentence imposed [for completing the RDAP]"); *Smotherman v. Joyner*, No. 19-cv-00053, 2020 WL 9071441, at *2 (E.D. Ky. May 8, 2020) ("[A]n inmate's ability to participate in RDAP—and whether or not that participation ultimately results in a reduction to the inmate's sentence—are matters solely committed to the BOP's discretion."); *Cooper v. Zych*, No. 09-cv-11620, 2009 WL 2711957, *2 (E.D. Mich. Aug. 25, 2009) (explaining that under

5

§ 3625, "[d]ecisions made with reference to [a] Petitioner's eligibility for early release" under § 3621(e) are exempt from judicial review).

Because the Court lacks jurisdiction over Petitioner's challenge to the BOP's determination that he is ineligible for early release under § 3621(e), Respondent's motion is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE**.[6]  Petitioner's motion for the appointment of counsel is **DENIED**.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition.  *See Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a).  *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must move to proceed *in forma pauperis* in the appellate court.  *See* Fed. R. App. P. 24(a)(4)-(5).

---

[6] Because the Court has determined that dismissal is appropriate on jurisdictional grounds, the Court need not address Respondent's alternative argument that the § 2241 Petition should be denied on the merits because the BOP properly determined that Petitioner's firearm offense renders him ineligible to receive a sentence reduction under § 3621(e). (ECF No. 6 at PageID 88-94.)

Because the Court lacks jurisdiction over Petitioner's challenge to the BOP's discretionary determination that he is ineligible for early release under § 3621(e), the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** leave to appeal *in forma pauperis*.

**IT IS SO ORDERED,** this 11th day of February, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE